**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Victor Ivy Brown,
        *Plaintiff*,
     v.
John H. Dalton,
Secretary of the Navy,
        *Defendant*.

Civil Action No. 97-1129 (CKK)

**MEMORANDUM OPINION**
(December 7, 2015)

Presently before the Court is *pro se* Plaintiff's [25] Motion to Amend Settlement Agreement.  Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court DENIES Plaintiff's [25] Motion to Amend Settlement Agreement.

**I. BACKGROUND**

In May 1997, Plaintiff, Victor I. Brown filed the above-entitled action against Defendant, the Secretary of the Navy, alleging employment discrimination with regard to his non-selection for a position advertised by the Department of the Navy in 1989. Pl.'s Mot. at 8.   In April 1998, Plaintiff and Defendant agreed to settle the above-entitled action.  *See* Stipulation for Compromise Settlement, ECF No. [24]; Pl.'s Mot, ECF No. [25], at Appendix 1 (the "Settlement Agreement"). Under the Settlement Agreement, Defendant agreed to promote Plaintiff to the level of GS-12 as of February 24, 1991, and pay $3,765.00 to Plaintiff as back pay.  *See id.* ¶ 2.  In return, Plaintiff accepted that the promotion and payment of back pay constituted the "full settlement and satisfaction of any and all claims, demands, and causes of action of whatsoever kind and nature based upon his former employment with the Department of the Navy, including but not limited to

---

[1] Pl.'s Motion to Amend Settlement Agreement, ECF No. [25]; Def.'s Mem. in Opp'n to Pl.'s Motion, ECF No. [29]; Pl.'s Reply in Support of Pl.'s Motion, ECF No. [30].

the claims asserted in this cause of action." *Id.* ¶ 3.  Judge Ricardo M. Urbina approved the Settlement Agreement in a Stipulated Order dated April 30, 1998.  *See* Stipulation for Compromise Settlement, ECF No. [24]; Pl.'s Mot, ECF No. [25], at Appendix 1.

On June 8, 2015, Plaintiff filed the present [25] Motion to Amend Settlement Agreement under Fed. R. Civ. P. 60(b).  Plaintiff's motion is the first activity in this case since Judge Urbina approved the Settlement Agreement in April of 1998.

On July 27, 2015, the case was reassigned to the undersigned Judge from Judge Ricardo M. Urbina.  On October 13, 2015, the Court entered an Order, noting that it had appeared that Court no longer had correct contact information for the attorneys who were to be noticed on behalf of Defendant.  *See* Order (Oct. 13, 2015), ECF No. [28], at 1.  The Court ordered that the Clerk of the Court mail a copy of Plaintiff's motion to the Chief of the Civil Division in the U.S. Attorney's Office for the District of Columbia.  *Id.* at 2.  The Court further ordered that Defendant file a response to Plaintiff's motion within 30 days, on or before, November 12, 2015.  *Id.*

In accordance with the Court's order, Defendant filed its opposition on November 12, 2015.  *See* Def.'s Mem. in Opp'n to Pl.'s Motion, ECF No. [29].[2]  Plaintiff filed his reply on November 23, 2015.  *See* Pl.'s Repl, ECF No. [30].  Plaintiff's motion is now ripe for adjudication.

---

[2] Plaintiff argues that Defendant "forfeited his right of opposition" under Local Civil Rule 7(b) by not responding to Plaintiff's motion within fourteen days after Plaintiff filed his motion.  *See* Pl..'s Reply at 2.  Plaintiff is mistaken.  Local Civil Rule 7(b) provides that the Court "*may* treat [a late-filed] motion as conceded."  LCvR 7 (b) (emphasis added).  Here, the Court did not treat Defendant's opposition as conceded in light of the facts that the case had remained closed for over seventeen years before Plaintiff filed his motion, and it appeared that the Court no longer had current contact information for the attorneys who were to be noticed on behalf of Defendant. *See* Order (Oct. 13, 2015), ECF No. [28], at 1.  Defendant subsequently complied with the Court's order by filing its opposition brief within the time frame ordered by the Court.  *See id.*

## II. LEGAL STANDARD

Plaintiff requests relief under Rule 60(b)(3), (5), and (6).  These provisions provide in relevant part as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> ***
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> ***
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(3), (5), and (6).  A motion under Rule 60(b) must be made within a reasonable time—and, for provision (3), no more than a year after the entry of the judgment or order or the date of the proceeding.  Fed. R. Civ. P. 60(c)(1).

The party seeking relief under Rule 60(b) bears the burden of proof to show that he or she is entitled to the relief.  *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011).  "[T]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court."  *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993).  In exercising this discretion, the Court "must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

## III. DISCUSSION

Plaintiff requests that this Court amend the parties' Settlement Agreement to "clarify" that the Settlement Agreement "only resolved disputed claims then existing between the parties on 30

April 1998," and that "[a]ny claims or causes of action which arose after the agreement was

approved by this Court are not governed by the provisions of the Agreement."  Pl.'s Mot. at 7.

Plaintiff further requests that the Court add a paragraph, stating:

> Nothing in this document shall bar the Plaintiff from filing any action against any
> U.S. Government entity should there arise any new cause of action which may
> justify such action. Should there become available to either party any new
> information which was not made manifest prior to this agreement being entered
> into, then such new information can be allowed as a basis for any new cause of
> action.  Such information may include that which was not known by one or either
> party prior to his document being approved, or that which was not known prior to
> this action being filed.

Pl.'s Mot. at 10.

Plaintiff seeks to amend the Settlement Agreement as part of an effort to continue his

pursuit of a case in the Court of Federal Claims in which Plaintiff alleges that the Department of

the Navy wrongfully deducted social security taxes in 1988 from an award in an earlier Title VII

action won by Plaintiff.  *See* Pl.'s Mot. at 3-6; Order, *Brown v. United States*, No. 14-1185T, 2015

WL 4450109 (Fed. Cl. July 17, 2015), ECF No. [13], at 4.[3]  As part of its defense of Plaintiff's

lawsuit in the Court of Federal Claims, the United States raised the argument that Plaintiff

"released the Navy from 'all causes of action' whatsoever kind and nature based on his former

employment with the Department of the Navy."  Pl.'s Mot. at 5 (citing Defendant's Reply, *Brown*

*v. United States*, No. 14-1185T, 2015 WL 4450109 (Fed. Cl. April 27, 2015), ECF No. [11].

---

[3]  Plaintiff's case in the Court of Federal claims is the latest iteration of Plaintiff's "quest for the
return of $2,727.00." *Brown v. United States*, No. 14-1185T, 2015 WL 4450109 (Fed. Cl. July
17, 2015), ECF No. [13], at 2.  Plaintiff has sought recovery of the funds through various
litigation measures since 2002. *Id.*  Plaintiff admits in his motion that the suit he filed in the
Court of Federal Claims in December 2014 is a re-litigation of claims brought by Plaintiff in
2011 in another proceeding in this court before Judge Beryl A. Howell.  *See* Pl.'s Mot. at 4.
Plaintiff's claims in that case were dismissed and affirmed by the appeals court. *See Brown v.
Mabus*, 892 F. Supp. 2d 115 (D.D.C. 2012) *aff'd*, 548 F. App'x 623 (D.C. Cir. 2013).

Plaintiff argues that the Court's clarification of the provisions would provide the Court of Federal Claims with "a clearer picture of the issues involved."  Pl.'s Mot. at 6.

Plaintiff believes that the Court should grant Plaintiff's motion under Rule 60(b). Specifically, Plaintiff contends that three provisions of Rule 60(b)—(3), (5), and (6)—provide bases for the Court to grant Plaintiff's motion.  The Court shall address each provision in turn.

**A.  Plaintiff is not entitled to relief under Rule 60(b)(3).**

Rule 60(b)(3) provides that the Court may relieve a party from a final judgment or order where there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  A litigant seeking relief under Rule 6(b)(3) must prove allegations of fraud by "clear and convincing evidence."  *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995).  Rule 60(c)(1) requires that all motions under this provision "no more than a year after the entry of judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff has not put forward any evidence, no less "clear and convincing evidence," of fraud made in connection with the Settlement Agreement in this case.  Rather, Plaintiff states conclusively that Defendant "falsified documents in order to conceal the illegal assessment and payment of the [taxes at issues]," and that the fraud "was made manifest during the hearing of this action."  Pl.'s Mot. at 3, 6.  Furthermore, Plaintiff does not allege the type of fraud that merits relief under Rule 60(b)(3).  Plaintiff's allegations primarily concern an alleged fraud made in connection to the withholding of taxes by the Department of Navy, not a fraud "perpetrated in the course of [this] litigation."  *In re Hope 7 Monroe St. Ltd. P'ship*, 743 F.3d 867, 875 (D.C. Cir. 2014).  Finally, Plaintiff's request for relief comes over seventeen years after Judge Urbina's approval of the Settlement Agreement—well beyond the one year limitation under Rule 60(c)(1).

Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(3).

**B.  Plaintiff is not entitled to relief under Rule 60(b)(5).**

Rule 60(b)(5) provides, in pertinent part, that the Court may relieve a party from a final judgment or order where "applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).  Under Rule 60(b)(5), a party seeking modification of a settlement agreement bears the burden of demonstrating "a significant change either in factual conditions or in law" that warrants revision of the agreement and that the "proposed modification is suitably tailored to the changed circumstances."  *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 383–84 (1992); *see also Pigford v. Johanns,* 416 F.3d 12, 23 (D.C. Cir. 2005).  Modification may be warranted (1) when changed factual conditions make compliance "substantially more onerous"; (2) when a settlement agreement "proves to be unworkable because of unforeseen obstacles"; or (3) when enforcement would be "detrimental to the public interest."  *N.L.R.B. v. Harris Teeter Supermarkets*, 215 F.3d 32, 35 (D.C. Cir. 2000) (quoting *Rufo*, 502 U.S. at 384).  Any motions under Rule 60(b)(5) for modification of an agreement must be made "within a reasonable time."  *See* Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff argues that modification is appropriate in this case because "he was not cognizant of the missing money" at the time that he agreed to the Settlement Agreement, Pl.'s Mot. at 9, and that he should be allowed to "reserve[] his right to pursue an action against the Government should any cause of action present itself subsequent to the date of the Agreement," Pl.'s Reply at 1-2.

Defendant argues that Plaintiff's request will have no effect on his litigation in the Court of Federal Claims because the court has already dismissed Plaintiff's claims as untimely and for lack of jurisdiction.  Def.'s Opp'n at 4; *see also* Order, *Brown v. United States*, No. 14-1185T,

2015 WL 4450109 (Fed. Cl. July 17, 2015), ECF No. [13]. Defendant further argues that Plaintiff is seeking modification merely "to serve his own ends," and that modification of the Agreement "would take from the Defendant that which was bargained for long ago." Def.'s Opp'n at 5. Defendant also argues that Plaintiff's motion is untimely. *Id.* at 1-2.

In response, Plaintiff argues that modification is appropriate because in the event that Plaintiff files another action based on his former employment with the Navy, then Defendant "will again invoke the Agreement in order to preclude such future action from being heard." Pl.'s Reply at 4. Plaintiff believes that the Court therefore should "settle the matter of which rights the Plaintiff retains in spite of the language in the Agreement." *Id.*

The Court concludes that Plaintiff has not met his burden of demonstrating that a significant change in circumstances warrants relief under Rule 60(b)(5), such that applying the Settlement Agreement prospectively is no longer equitable. *See Horne v. Flores*, 557 U.S. 433, 491 (2009) (quoting *Rufo*, 502 U.S. at 383). Plaintiff's own motion states that the "basis" for the motion is that the Government cited the Settlement Agreement as part of its defense against a lawsuit filed by Plaintiff that was then pending in the Court of Federal Claims. *See* Pl.'s Mot. at 3; Defendant's Reply, *Brown v. United States*, No. 14-1185T, 2015 WL 4450109 (Fed. Cl. April 27, 2015), ECF No. [11]. Plaintiff's lawsuit, however, has since been dismissed, for reasons unrelated to the Settlement Agreement, including, *inter alia*, that Plaintiff's claims were filed too late to be considered. *See* Order, *Brown v. United States*, No. 14-1185T, 2015 WL 4450109 (Fed. Cl. July 17, 2015), ECF No. [13], at 4-5. Plaintiff has not appealed the decision by the Court of Federal Claims. Accordingly, Plaintiff's request will have no effect on his other litigation.

With the case dismissed, Plaintiff resorts to arguing that the Court should "clarif[y] certain key points as detailed in the Agreement so as not to confuse any court to which the

Plaintiff may bring any future actions against any Government entity." Pl.'s Reply at 1. Plaintiff cites additional steps that Plaintiff has taken to pursue recovery of the funds through alternative means. *See id.* at 4-5. Plaintiff misconstrues the purpose of Rule 60(b)(5), and in any event, fails to demonstrate why applying the Settlement Agreement prospectively is no longer equitable. As Defendants observe in their opposition brief, settlement agreements "are in the nature of contracts," *Makins v. Sitrict of Columbia*, 277 F.3d 544, and the modification proposed by Plaintiff would take from Defendant that which was bargained for long ago. *See* Def.'s Opp'n at 5. Such a modification at this stage would not further the Court's "interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

The Court further finds that Plaintiff has not filed his motion in a reasonable time under Rule 60(c)(1). *See Salazar ex rel. Salazar v. D.C.*, 633 F.3d 1110, 1119 (D.C. Cir. 2011). Plaintiff has been litigating his claims regarding the 1987 tax withholding since at least 2002. *See Brown v. Dep't of the Navy*, No. 86-1582 (D.D.C. Aug. 11, 2003). Plaintiff has not proffered any good cause or excusable neglect for the delay in filing the present motion until July 2015, and amending the agreement at this late stage would prejudice Defendant. *See Salazar*, 633 F.3d at 1119. Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(5). *See id.*

## C. Plaintiff is not entitled to relief under Rule 60(b)(6).

Rule 60(b)(6) provides that the Court may relieve a party from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Supreme Court has consistently held that Rule 60(b)(6) motions should only be granted in "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199 (1950); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final

judgment."). The D.C. Circuit has "similarly observed that Rule 60(b)(6) should be only sparingly used and may not be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (internal quotations omitted).

Plaintiff has failed to show any "extraordinary circumstances" that would justify amending the Settlement Agreement. In fact, Plaintiff repeatedly *downplays* the significance of amending the Settlement Agreement, arguing that the Settlement Agreement in its current form "has no bearing whatsoever" on Plaintiff's ability to recover through other means, and that the "entire Agreement is now moot." Pl.'s Mot. at 6; Pl.'s Reply at 2, 3. Plaintiff appears to argue that the disputed provisions in the Settlement Agreement are ambiguous and that their proper interpretation allows for Plaintiff to pursue the claims he seeks to adjudicate regarding the tax withholding. *See* Pl.'s Mot. at 6-7. The Court is not convinced by Plaintiff's argument and finds that the terms of the Settlement Agreement are not ambiguous. In any event, Plaintiff has not demonstrated the type of "extraordinary circumstances" that would justify amending the Settlement Agreement that ended this litigation. Accordingly, Plaintiff is not entitled relief under Rule 60(b)(6). *See Ackermann*, 340 U.S. at 199.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's [25] Motion to Amend Settlement Agreement.

An appropriate Order accompanies this Memorandum Opinion.

    _/s/_____
    **COLLEEN KOLLAR-KOTELLY**
    UNITED STATES DISTRICT JUDGE

9